UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NIEBLER, PYZYK, KLAVER AND
WAGNER, LLP and JOHN H. NIEBLER,

      Plaintiffs,

    v.                                         Case No. 04-C-1029

TIG INSURANCE COMPANY,

      Defendant and Counterclaim Plaintiff,

    v.

HAROLD C. LANE, JR.,

      Third Party Counterclaim Defendant.

## ORDER

The above matter having come on for hearing on August 4, 2005, on Lane's Motion for Discovery Sanctions Against TIG Insurance Company, and for a status conference, plaintiffs appearing by Robert L. Elliott of The Law Office of Robert L. Elliott; defendant and counterclaim plaintiff TIG Insurance Company appearing by Edward F. Ruberry and Michelle M. Bracke of Bollinger Ruberry & Garvey and by Rachel L. Govin of O'Neill, Schimmel, Quirk & Carroll, S.C.; and the third-party counterclaim defendant Harold C. Lane, Jr. appearing by Maureen A. McGinnity of Foley & Lardner LLP; and the Court having considered the parties' written submittals and having heard oral argument on Lane's Motion; and the Court and the parties having discussed other scheduling matters;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Lane's Motion is granted in part and denied in part, as follows.

(a) On or before August 18, 2005, TIG shall supplement its responses to Lane's First Set of Interrogatories and First Request for Production of Documents by producing all non-privileged documents relating to notice of claim that have not yet been produced to Lane, and by providing a privilege log that identifies with specificity (including the names and affiliations of all authors and recipients and a general description of the subject matter and content) all documents relating to notice of claim that TIG is withholding on privilege grounds, including documents in TIG's file that reflect communications with its outside coverage counsel and including documents outside the claims file.

(b) Also on or before August 18, 2005, TIG shall file with the Court its privilege log relating to notice of claim documents, and file under seal copies of the documents withheld from production (except communications with coverage counsel claimed to be attorney-client privileged), and file and serve on all other parties a memorandum of law explaining the basis for withholding such documents from production.

(c) Prior to August 18, 2005, counsel for TIG shall confer with plaintiffs' counsel for the purpose of identifying any documents on TIG's notice of claim privilege log as to which plaintiffs assert privilege. If plaintiffs claim privilege as to any such documents, then on or before August 18, 2005, plaintiffs shall file and serve a memorandum of law explaining the basis for such privilege claims.

(d) On or before August 29, 2005, Lane shall file and serve his response to TIG's and plaintiffs' memoranda regarding privileged documents. The Court thereafter will conduct an in

2

camera review of the notice of claim documents as to which TIG and/or plaintiffs claim privilege and will issue a ruling as to whether such documents may be withheld from production.

      (e)      Lane's request to vacate the Court's bifurcation ruling and lift the stay of discovery with respect to plaintiffs' bad faith and negligence claims is denied.

      (f)      The Court takes under advisement Lane's request for an award of attorneys' fees in connection with his Motion.

      2.      Plaintiffs having agreed to withdraw their Amended Complaint filed on March 31, 2005, pending disposition of the coverage issues in this case, such Amended Complaint is hereby dismissed without prejudice and without costs to any party.

      3.      This matter is set for a status conference and further scheduling on September 28, 2005 at 9:00 a.m.

Dated this 9th day of August, 2005.

BY THE COURT:

/s/ William E. Callahan, Jr.
Magistrate Judge William E. Callahan, Jr.

3